**VIOLATION OF SIXTH AMENDMENT RIGHT TO A SPEEDY TRIAL**

**I. INTRODUCTION**

This Motion is brought by the Defendant, Mr. Calder, to dismiss the charges against him for the violation of his Sixth Amendment right to a speedy trial.

**II. FACTUAL BACKGROUND**

1. **Duration of Delay**: Mr. Calder has been subjected to pretrial delays amounting to approximately 500 to 520 days, which equates to roughly 16.438 months. This period significantly exceeds the maximum sentence of six months associated with a Class B misdemeanor.

2. **Nature of Delays**:
   - The delays were primarily due to actions by the Court and the State, including:
     - Mandating Mr. Calder to show his face during a WebEx meeting after he had not done so in nine previous court appearances.
     - The State muting Mr. Calder and abruptly ending court sessions, effectively forcing him to disconnect.

3. **Assertion of Rights**: Mr. Calder has timely asserted his right to a speedy trial throughout these proceedings.

**III. LEGAL ARGUMENT**

1. **Sixth Amendment Rights**: The Sixth Amendment guarantees the accused the right to a speedy and public trial. The U.S. Supreme Court has established that a violation of this right necessitates dismissal of the charges with prejudice (see *Strunk v. United States*, 412 U.S. 434 (1973)).

2. **Speedy Trial Act of 1974**: This Act mandates that, by 1980, the delay in federal and district courts should not exceed 100 days, subject to certain excludable periods of delay (18 U.S.C. § 3161). The delays in Mr. Calder's case far exceed this statutory limit.

3. **Impact of Delay**:
   - Mr. Calder has been prejudiced by this delay, which not only infringes upon his constitutional rights but also prolongs his legal jeopardy for charges where no crime has been acknowledged by the State.

**IV. CONCLUSION**

- Mr. Calder's right to a speedy trial has been blatantly violated through excessive and unjustified delays by the City, for what are simple allegations.
- The Court has no discretion to fashion lesser remedies upon finding a violation of the Speedy Trial rights; dismissal with prejudice is mandated.

**V. REQUEST FOR RELIEF**

Mr. Calder respectfully requests this Honorable Court to:

- Dismiss all charges against him with prejudice due to the violation of his Sixth Amendment rights.
- Recognize the prejudice caused by this deprivation.
- Acknowledge the undeniable evidence of court mismanagement as documented in previous court proceedings, which can be made available to substantiate these claims.

**VI. EVIDENCE OF PROCEDURAL IRREGULARITIES**

- Mr. Calder has recordings and documentation from all court proceedings which demonstrate the procedural irregularities and the unprecedented measures taken by the court to delay the trial process.

**VII. CONCLUSION**

The pattern of delay and procedural misconduct by the Court and the State has not only violated Mr. Calder's constitutional rights but also reflects a systemic failure to adhere to legal standards. Mr. Calder asks this Court to consider these facts and grant the relief sought herein.

**Respectfully submitted,**


[LELAND WILLIAM CALDER],
925 E Gregson Av, Salt Lake City, UT, 84106
[385-487-0164]