§ _____

**THE UNITED STATES DISTRICT COURT**
**DISTRICT OF UTAH**

| | |
|---|---|
| **Leland William Calder,**<br><br>　　　　　　**Plaintiff,**<br>**v.**<br><br>**Andy Zweber, et al.,**<br><br>　　　　　　**Defendants.** | **REPORT AND RECOMMENDATION**<br><br>**Case No. 2:25-cv-46 HCN DBP**<br><br>**Judge Howard C. Nielson, Jr.**<br><br>**Chief Magistrate Judge Dustin B. Pead** |

This matter is before the undersigned pursuant to a 28 U.S.C. § 636(b)(1)(B) from District Court Judge Howard Nielson.[1] Pro se Plaintiff Leland Calder seeks leave to proceed in forma pauperis.[2] The court grants Mr. Calder's in forma pauperis Motion, and because Plaintiff proceeds in forma pauperis, the court reviews the sufficiency of his Corrected Amended Complaint under the authority of 28 U.S.C. § 1915.[3] For the reasons set forth herein, the undersigned recommends that this matter be dismissed.

**STANDARD OF REVIEW**

1.　　　　**Screening Under 28 U.S.C. § 1915**

Under the in forma pauperis statute, the court shall, at any time, dismiss a case if it determines that the action is: "(i) frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from

---

[1] ECF No. 6.

[2] ECF No. 2.

[3] 28 U.S.C. § 1915(e).

such relief."[4] The statute "is designed largely to discourage the filing of, and waste of judicial

and private resources upon, baseless lawsuits that paying litigants generally do not initiate

because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious

suits under Federal Rule of Civil Procedure 11."[5] To help facilitate that objective, the in forma

pauperis statute provides the court with power to not only dismiss a claim based on an

indisputably meritless legal theory, "but also the unusual power to pierce the veil of the

complaint's factual allegations and dismiss those claims whose factual contentions are clearly

baseless."[6]

When determining whether to dismiss a case under §1915, the court employs the same

standard used to analyze motions to dismiss under Federal Rule of Civil Procedure 12(b)(6).[7]

Additionally, Federal Rule of Civil Procedure 8 is incorporated into the court's analysis.[8]

To avoid dismissal under Rule 12(b)(6), a complaint must allege "enough facts to state a

claim to relief that is plausible on its face."[9] The court accepts well-pleaded allegations as true

and views the allegations in the light most favorable to the Plaintiffs, drawing all reasonable

---

[4] 28 U.S.C. § 1915(e)(2)(B)(i-iii).

[5] *Trujillo v. Williams,* 465 F.3d 1210, 1216 (10th Cir. 2006) (citing *Neitzke v. Williams,* 490 U.S. 319, 327, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989)).

[6] *Id.*

[7] *Kay v. Bemis,* 500 F.3d 1214, 1217-18 (10th Cir. 2007) ("We apply the same standard of review for dismissal under §1915(e)(2)(B)(ii) that we employ for Federal Rule of Civil Procedure 12(b)(6) motions to dismiss for failure to state a claim."); Fed. R. Civ. P. 12(b)(6).

[8] *See United States ex rel. Lemmon v. Envirocare of Utah, Inc.,* 614 F.3d 1163, 1171 (10th Cir. 2010) ("Rule 8(a)'s mandate, that plaintiffs provide a 'short and plain statement of the claim showing that the pleader is entitled to relief,' has been incorporated into both the 9(b) and 12(b)(6) inquiries") (citing Fed. R. Civ. P. 8(a)).

[9] *Hogan v. Winder,* 762 F.3d 1096, 1104 (10th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 547, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).

inferences in the Plaintiffs' favor.[10] A complaint fails to state a claim upon which relief may be granted if it does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[11] The Supreme Court has explained that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[12] To properly state a claim for relief in federal court, Plaintiff must craft a pleading that clearly states "what each defendant did to [Plaintiff]; when the defendant did it; how the defendant's action harmed [Plaintiff]; and, what specific legal right the [P]laintiff believes the defendant violated."[13]

Additionally, Rule 8 of the Federal Rules of Civil Procedure requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief,"[14] and further provides that "[e]ach allegation must be simple, concise, and direct."[15] "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s] devoid of 'further factual enhancement'"[16] "Rule 8 serves the important purpose of requiring plaintiffs to state their

---

[10] *Wilson v. Montano,* 715 F.3d 847, 852 (10th Cir. 2013).

[11] *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929) (2007)).

[12] *Id.*

[13] *Nasious v. Two Unknown B.I.C.E. Agents,* 492 F.3d 1158, 1163 (10th Cir. 2007); *see also Stone v. Albert,* 338 F. App'x 757, 759 (10th Cir. 2009) (unpublished) (emphasis in original) (quoting *Robbins v. Oklahoma,* 519 F.3d 1242, 1250 (10th Cir. 2008) ("To state a claim, a complaint must 'make clear exactly *who* is alleged to have done *what* to *whom*.'") (emphasis in original)).

[14] Fed. R. Civ. P. 8(a)(2).

[15] Fed. R. Civ. P. 8(d)(1).

[16] *Iqbal,* 556 U.S. at 662 (quoting *Twombly,* 559 U.S. at 555, 557 ) (alteration in original).

claims intelligibly so as to inform the defendants of the legal claims being asserted."[17]  The

complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon

which it rests."[18]

### 2.      Pro Se Litigant

As a pro se litigant, the court construes Mr. Calder's complaint liberally and holds his

pleadings to a less stringent standard than formal pleadings drafted by lawyers.[19] Yet even under

a liberal review, Plaintiff is not excused from compliance with federal pleading requirements or

from stating a claim for which relief may be granted.[20] For example, pro se plaintiffs still have

"the burden of alleging sufficient facts on which a recognized legal claim could be based."[21]

Further, it "is not the proper function of the Court to assume the role of advocate for a pro se

litigant,"[22] and the court should not "supply additional facts, [or] construct a legal theory . . . that

assumes facts that have not been pleaded."[23]

### **DISCUSSION**

At the outset the court notes that it previously ordered Plaintiff to file an Amended

Complaint after screening his original complaint and finding it deficient.[24] Plaintiff filed an

Amended Complaint and then a Corrected Amended Complaint.[25] The court dismissed those

---

[17] *Mann v. Boatright*, 477 F.3d 1140, 1148 (10th Cir. 2007).

[18] *Twombly,* 550 U.S. at 555 (alteration in original) (internal quotation marks omitted).

[19] *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[20] *Id.* at 1009; *see also* Fed. R. Civ. P. 8; 28 U.S.C. §1915(e)(2)(B)(i)(ii); Fed. R. Civ. P. 12(b)(6).

[21] *Jenkins v. Currier,* 514 F.3d 1030, 1032 (10th Cir. 2008) (internal quotation marks omitted).

[22] *Hall*, 935 F.2d at 1110.

[23] *Dunn v. White,* 880 F.2d 1188, 1197 (10th Cir. 1989), *cert. denied,* 493 U.S. 1059, 107 L. Ed. 2d. 954, 110 S. Ct. 871 (1990).

[24] Ruling and Order dated February 24, 2025, ECF No. 8.

[25] Corrected Amended Complaint, ECF No. 10.

Defendants not named in the Corrected Amended Complaint.[26] The Corrected Amended Complaint names as Defendants Budweiser, Anheuser-Bush Companies, and AB Inbev. Plaintiff brings four claims for relief: (1) assault and battery; (2) negligent supervision; (3) intentional infliction of emotional distress; and (4) corporate conspiracy to suppress rights. Plaintiff provides that the first 3 claims for relief are brought under Utah State law. The fourth claim alleges Plaintiff was deprived of his rights to free speech and redress. The court presumes that claim relates to the First Amendment in the U.S. Constitution.

For damages, Plaintiff seeks over "$10,000 in medical costs, lost wages exceeding $50,000 annually for over two years, and reduced earning capacity."[27] Mr. Calder further asserts emotional distress, severe anxiety, depression, and trauma from the assault and intimidation. This resulted in "sleeplessness and isolation."[28]

As noted previously, under the in forma pauperis statute, the court shall dismiss a case if it is "(i) frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."[29] When considering whether to dismiss a case under § 1915, the court utilizes the same standard as that in Rule 12(b)(6). To avoid dismissal under Rule 12(b)(6), a complaint must allege "enough facts to state a claim to relief that is plausible on its face."[30] The court accepts well-pleaded allegations as true and views the allegations in the light most favorable to the Plaintiffs, drawing all

---

[26] Ruling and Order dated March 5, 2025, ECF No. 11.

[27] Corrected Amended Complaint at 3.

[28] *Id*.

[29] 28 U.S.C. § 1915(e)(2)(B)(i-iii).

[30] *Hogan v. Winder,* 762 F.3d 1096, 1104 (10th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 547, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).

reasonable inferences in the Plaintiffs' favor.[31] A complaint fails to state a claim upon which relief may be granted if it does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[32] Here Plaintiff's Corrected Amended Complaint suffers from many fatal flaws.

## I.    Jurisdictional issues

The Corrected Amended Complaint's first three causes of action are all brought under state law. These are for (1) assault and battery; (2) negligent supervision; (3) intentional infliction of emotional distress.[33] The fourth claim, corporate conspiracy to suppress rights, is the only claim that has a potential tie to the First Amendment in the U.S. Constitution. "Pursuant to 28 U.S.C. § 1367(a), federal courts may exercise supplemental jurisdiction over claims outside their original jurisdiction if those claims are part of the same Article III case or controversy as claims over which the court has original jurisdiction."[34] However, "[u]nder 28 U.S.C. § 1367(c)(3), a district court may decline to exercise supplemental jurisdiction if the district court has dismissed all claims over which it has original jurisdiction. When all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims."[35]

Here, Plaintiff's claims all fail under Rule 12(b)(6) as set forth herein and are also improper under Rule 8. As this court has noted, when only issues under state law remain after

---

[31] *Wilson v. Montano,* 715 F.3d 847, 852 (10th Cir. 2013).

[32] *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929) (2007)).

[33] None of these claims are brought under the Federal Tort Claims Act, which is proper in this case because none of the named Defendants are federal employees making the Federal Tort Claims Act is inapplicable.

[34] *Brock v. Herbert*, No. 2:09-CV-1118, 2012 WL 1029355, at *2 (D. Utah Mar. 26, 2012).

[35] *Koch v. City of Del City*, 660 F.3d 1228, 1248 (10th Cir. 2011) (quotations modified).

dismissing the federal claims, this court should decline to exercise jurisdiction by dismissing the case without prejudice.[36] Thus, if Plaintiff's fourth cause of action is dismissed, then this court may decline to exercise supplemental jurisdiction over the remaining three claims. There is nothing before the court from Plaintiff asserting the court should exercise supplemental jurisdiction if his fourth cause of action is dismissed.

II.     **The lack of factual support to state a claim for relief under Rule 12(b)(6).**

Even in liberally construing Plaintiff's Corrected Amended Complaint, the court finds it lacks factual support to state a claim for relief. The Corrected Amended Complaint avers Plaintiff was "assaulted by three individuals, including a manager, at General Distributing Company."[37] These assailants, who acted within their scope of employment, "pushed and kicked Plaintiff, causing severe bruising to his right thigh, upper leg, and hip."[38] No individual Defendant who allegedly assaulted Plaintiff is named.

Plaintiff further provides that he received a "cease-and-desist" letter from Holland & Hart that allegedly impaired his free speech rights. No contents of the letter are outlined, nor does Plaintiff provide sufficient details as to how this letter impaired his free speech or any background regarding why he received the letter.

---

[36] *Hawkins v. Ghiz*, No. 218CV00466DBBJCB, 2020 WL 6806435, at *8 (D. Utah Aug. 21, 2020), report and recommendation adopted as modified, No. 218CV00466DBBJCB, 2020 WL 6801926 (D. Utah Nov. 19, 2020), on reconsideration, No. 218CV00466DBBJCB, 2021 WL 308238 (D. Utah Jan. 29, 2021), and on reconsideration, No. 218CV00466DBBJCB, 2021 WL 312334 (D. Utah Jan. 29, 2021); *see also Bauchman ex rel. Bauchman v. W. High Sch.*, 132 F.3d 542, 549 (10th Cir. 1997) ("If federal claims are dismissed before trial, leaving only issues of state law, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice.") (citation modified).

[37] Corrected Amended Complaint at 2.

[38] *Id.*

Plaintiff's claims as to negligence are similarly lacking in factual detail or connection to the required elements to establish a prima facie case of negligence.[39] Next, conduct must be outrageous enough to support an action for the intentional infliction of emotional distress. Conduct that rises to the level of "'outrageous and intolerable' is conduct that is 'so extreme as to exceed all bounds of that usually tolerated in a civilized society.'"[40] There simply are not enough facts demonstrating conduct that reaches this level of extremity. And finally, under Utah law a civil conspiracy requires proof of five elements: "(1) a combination of two or more persons, (2) an object to be accomplished, (3) a meeting of the minds on the object or course of action, (4) one or more unlawful, overt acts, and (5) damages as a proximate result thereof."[41] Plaintiff's Corrected Amended Complaint does not provide the factual support for any of these elements.

In sum, a complaint must allege "enough facts to state a claim to relief that is plausible on its face."[42] And, a complaint fails to state a claim upon which relief may be granted if it does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[43] Here, Plaintiff's Corrected Amended Complaint does not meet the required standards.

---

[39] *Marland v. Asplundh Tree Expert Co.*, No. 1:14-CV-40 TS, 2016 WL 7240139, at *2 (D. Utah Dec. 14, 2016) ("To establish a claim of negligence, the plaintiff must establish four essential elements: (1) that the defendant owed the plaintiff a duty, (2) that the defendant breached that duty, (3) that the breach of duty was the proximate cause of the plaintiff's injury, and (4) that the plaintiff in fact suffered injuries or damages.") (citation modified).

[40] *Johnston v. Davis Sec., Inc.*, 217 F. Supp. 2d 1224, 1232 (D. Utah 2002) (quoting *White v. Blackburn*, 787 P.2d 1315, 1317 (Utah Ct.App.1990)).

[41] *Celtig, LLC v. Patey*, 347 F. Supp. 3d 976, 985 (D. Utah 2018) (quoting *Pohl, Inc. of Am. v. Webelhuth*, 2008 UT 89, ¶ 29, 201 P.3d 944, 954-55)).

[42] *Hogan,* 762 F.3d at 1104 (quoting *Bell Atl. Corp.,* 550 U.S. at 547).

[43] *Ashcroft*, 556 U.S. at 678 (quoting *Bell Atl. Corp.,* 550 U.S. at 570.

### III.     The failure to comply with the minimum pleading requirements of Rule 8

Under Rule 8 of the Federal Rules of Civil Procedure a complaint is required to contain "(1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought . . . ."[44] The purpose of this rule is to provide opposing parties with fair notice of the claims against them so that they may respond, and it allows a court to conclude that the allegations, if proven, show a plaintiff is entitled to relief.[45]

Pro se litigants are not excused from compliance with the minimal pleading requirements of Rule 8. "This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted."[46] Moreover, "it is not the proper function of the Court to assume the role of advocate for a pro se litigant."[47] Thus, the court cannot "supply additional facts, [or] construct a legal theory for plaintiff that assumes facts that have not been pleaded."[48]

The court has liberally construed Plaintiff's Corrected Amended Complaint and concludes it fails to meet the requirements of Rule 8. The Corrected Amended Complaint lacks factual detail naming which Defendants performed certain actions violating Plaintiff's alleged

---

[44] Fed. R. Civ. P. 8.

[45] *See Monument Builders of Greater Kan. City Inc. v. Am. Cemetery Assn. of Kan*., 891 F.2d 1473, 1480 (10th Cir. 1989) (citing *Perrington Wholesale Inc. v. Burger King Corp*., 631 F.2d 1369, 1371 (10th Cir. 1979); *see also Nasious*, 492 F.3d at 1163 (holding a plain statement under Rule 8 provides defendant with "sufficient notice to begin preparing its defense and the court sufficient clarity to adjudicate the merits").

[46] *Hall*, 935 F.2d at 1109.

[47] *Id.* at 1110.

[48] *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989) (per curiam).

rights. Further, there is no statement regarding the grounds upon which this court has jurisdiction. Thus, Plaintiff fails to meet Rule 8's requirements.

### RECOMMENDATION

For the reasons set forth above, the undersigned RECOMMENDS that Plaintiff's claims be dismissed under § 1915 for a failure to state a claim upon which relief may be granted and independently for a lack of jurisdiction.

The Clerk's Office is DIRECTED to send copies of this Report and Recommendation to all parties who are hereby notified of their right to object.[49] The parties must file any objection to this Report and Recommendation within fourteen (14) days of service. Failure to object may constitution waiver of the objections upon subsequent review.

DATED this 12 March 2026.

_____
Magistrate Judge Dustin B. Pead
United States District Court for the District of Utah

---

[49] *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).