## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| LELAND WILLIAM CALDER, <br> Plaintiff, <br><br> v. <br><br> ANDY ZWEBER, *et al.*, <br> Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART MOTION TO ALTER OR AMEND JUDGMENT** <br><br> Case No. 2:25-cv-46 <br><br> Howard C. Nielson, Jr. <br> United States District Judge |

On April 1, 2026, Mr. Calder filed Docket Number 54, Motion to Alter or Amend Judgment Pursuant to Fed. R. Civ. P. 59(e). On the same day and shortly thereafter, he made a flurry of other submissions. *See* Dkt. Nos. 51–53, 55–57. Apart from a smattering of conclusory and undeveloped assertions, Mr. Calder contends that the court's judgment should be altered or amended because he did, in fact, file a response to Magistrate Judge Pead's show-cause order that adequately alleged complete diversity between himself and the Defendants. *See* Dkt. No. 54 at 1; Dkt. No. 55 at 1. The court grants Mr. Calder's motion in part and denies it in part.

Although the jurisdictional allegations that form the basis of the motion now before the court were not included in Mr. Calder's initial response to Judge Pead's order to show cause, *see* Dkt. No. 39, they were included in a purported second response to that order, which Mr. Calder submitted (along with multiple other documents) later the same day, *see* Dkt. No. 42. It is far from clear that the purported second response is properly before the court. Under the court's local rules, "[u]nless ordered otherwise, the court will not consider additional memoranda." DUCivR 7-1(9). And Mr. Calder neither sought nor received permission to file multiple

responses to the show-cause order. Further, in his report and recommendation, Judge Pead clearly stated that, "if Plaintiff's fourth cause of action is dismissed, then this court may decline to exercise supplemental jurisdiction over the remaining three claims" and, thus, that the court may dismiss those claims for "lack of jurisdiction." Dkt. No. 44 at 7, 10. Although the report and recommendation provided that "the parties must file any objection . . . within fourteen (14) days of service" and that "[f]ailure to object may constitut[e] waiver of the objections upon subsequent review," *id.* at 10, Mr. Calder did not timely raise—and thus waived—any objection that the court had diversity jurisdiction over the state-law claims alleged in the corrected amended complaint, *see* Dkt. Nos. 46, 47; *Thomas v. Arn*, 474 U.S. 140, 149–50 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

In the interests of justice, the court nevertheless considers Mr. Calder's second response and concludes that he does properly allege diversity jurisdiction in that filing. And, to the extent the judgment entered in this action reflects the court's previous determination not to exercise supplemental jurisdiction over Mr. Calder's state-law claims, the court will amend the judgment.

Exercising jurisdiction over all of the claims alleged in the corrected amended complaint, the court concludes that this action must be dismissed for failure to state any claim on which relief may be granted and will enter an amended judgment reflecting that disposition. In his report and recommendation, Judge Pead identified specific defects in each of the four claims alleged in the corrected amended complaint. And his proposal that all of them be dismissed "for failure to state a claim upon which relief may be granted" was made "independently" of his proposal that the state-law claims be dismissed "for lack of jurisdiction." Dkt. No. 44 at 10.

Despite filing two separate submissions objecting to the report and recommendation, Mr. Calder nowhere meaningfully addresses Judge Pead's analysis of the specific claims alleged in

the corrected amended complaint or his conclusion that each was defective and failed to state a claim. Instead, Mr. Calder first contends that he has Article III standing. *See* Dkt. No. 46 at 1–2. But Judge Pead nowhere proposed that this action be dismissed for lack of standing. Mr. Calder next argues that he has stated a plausible claim under Section 1983, alluding to various facts— none of which can be found in the corrected amended complaint—and to various legal theories— most of which are likewise absent from this complaint. *See id.* at 2; Dkt. No. 47 at 2. But a plaintiff cannot amend his complaint through arguments or assertions made in an objection. In all events, to the extent the corrected amended complaint is intended to allege a claim under Section 1983, the court stands by its previous conclusion that Mr. Calder fails plausibly to allege state action in that complaint, as is required to maintain a claim under Section 1983.

Finally, Mr. Calder conclusorily asserts that Judge Pead failed liberally to construe his allegations and wrongly weighed facts and resolved disputes. *See* Dkt. No. 47 at 1–2. But disregarding or filling in the critical factual gaps he identified in Mr. Calder's allegations would have required Judge Pead improperly "to assume the role of advocate for the pro se litigant." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). That is not the court's "proper function," *id.*; even construing a *pro se* complaint liberally, a court may neither "supply additional facts, nor . . . construct a legal theory for plaintiff that assumes facts that have not been pleaded," *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989).

In all events, "a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court." *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). This means the objection must be "sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute." *Id.*; *see also Coomer v. Make Your Life Epic, LLC*, 140

3

F.4th 1269, 1277 (10th Cir. 2025); *Marshall v. Chater*, 75 F.3d 1421, 1426–27 (10th Cir. 1996). Mr. Calder's general, conclusory assertions fail to bring to the court's attention any concrete or specific dispute regarding Judge Pead's analysis of the facts and claims actually alleged in the corrected amended complaint. It follows that Mr. Calder has waived any objection to Judge Pead's analysis of these claims and his conclusion that all of them are subject to dismissal. And, based on its review of the Report and Recommendation and the docket, the court cannot say that this analysis or this conclusion constituted plain error. *See Morales-Fernandez v. I.N.S.*, 418 F.3d 1116, 1122 (10th Cir. 2005). To the contrary, the undersigned believes both are correct.

Finally, the court rejects Mr. Calder's contention that he will suffer "[m]anifest [i]njustice" absent "an opportunity to amend" his complaint. Dkt. No. 54 at 1. Mr. Calder has already filed three complaints. Judge Pead concluded that Mr. Calder's original complaint failed to state a claim and gave Mr. Calder an opportunity to amend. *See* Dkt. No. 8. True to form, Mr. Calder filed two complaints seriatim in response to this order—an amended complaint and a corrected amended complaint. *See* Dkt. Nos. 9, 10. Judge Pead found that the amended complaint "fail[ed] to comply with the Federal Rules and [his] prior order," but accepted the corrected amended complaint for screening while giving Mr. Calder an opportunity to file yet another amended complaint within 14 days. Dkt. No. 11 at 2–3. Mr. Calder failed to do so.[1]

---

[1] In one submission, Mr. Calder represents that he submitted a third amended complaint "through the Court's CM/ECF electronic filing system" on March 18, 2025, and that the "submission was received and logged by the system as documented" but "due to what appears to be a technical or processing issue, the document was not docketed as 'filed'" and thus "does not appear on the public docket." Dkt. No. 36 at 1. But although the court has reviewed the entire docket, it cannot locate any such submission. Further, although Mr. Calder purports to attach "a screenshot of the CM/ECF upload confirmation / receipt / timestamp showing successful submission" of the third amended complaint as an exhibit to this submission, *id.*, the court has been unable to locate any such exhibit. In another submission, Mr. Calder argues that he "timely

Judge Pead accordingly deemed the corrected amended complaint "the operative pleading in this matter," Dkt. No. 35, and, as already discussed, ultimately concluded that Mr. Calder again failed to state any claim on which relief could be granted, *see* Dkt. No. 44. Under these circumstances, the court cannot conclude that declining to offer Mr. Calder yet another opportunity to amend his complaint amounted to manifest injustice.[2]

For all these reasons, Docket Number 54, Mr. Calder's Motion to Alter or Amend Judgment Pursuant to Fed. R. Civ. P. 59(e) is **GRANTED IN PART AND DENIED IN PART**. The court will issue an amended judgment dismissing this action for failure to state a claim on which relief may be granted. In the interests of justice, dismissal will be without prejudice.[3]

---

attempted to comply" with Judge Pead's order "by submitting" multiple documents that, collectively "contain the substance of Plaintiff's Third Amended Complaint." Dkt. No. 31 at 1. But Judge Pead clearly instructed Mr. Calder to include all his allegations within a single complaint. *See* Dkt. No. 8 at 7; Dkt. No. 11 at 2. Finally, in the same submission—made nearly a year after Judge Pead's order permitting Mr. Calder to file a third amended complaint within 14 days—Mr. Calder seeks leave "to file *the attached* Third Amended Complaint." Dkt. No. 31 at 1 (emphasis added). But the court has been unable to locate the referenced proposed amended complaint or any other document attached to this submission.

[2] In all events, Mr. Calder suffered no prejudice from the denial of yet another opportunity to amend. The court did not dismiss this action with prejudice. And, just a few weeks after the court entered judgment, Mr. Calder initiated a new action by filing a complaint that appears largely to mirror his original complaint here and may well constitute the "third amended complaint" that Mr. Calder failed to file in this action. *See* Case No. 2:26-cv-00362.

[3] In Docket Number 56, Mr. Calder requests that the court (1) formally docket and accept as timely the jurisdictional statement contained in his second response to Judge Pead's show cause order, (2) consider that statement in connection with his motion to alter or amend the judgment, and (3) rule on the motion to alter or amend the judgment. *See* Dkt. No. 56 at 1. But Mr. Calder's second response to Judge Pead's show cause order already is formally filed on the docket. *See* Dkt. No. 42. And the court has considered that filing in ruling on Mr. Calder's motion to alter or amend the judgment. Docket Number 56 is accordingly **DENIED AS MOOT**.

**IT IS SO ORDERED.**

DATED this 5th day of August, 2026.

BY THE COURT:

Howard C. Nielson, Jr.
United States District Judge